ORIGINAL

FILED IN CHAMBERS
U.S.D.C Atlanta

DEC 09 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL INDICTMENT |
| v. : | 1 09-CR-535 |
| WENCESLAO ALVAREZ ALVAREZ, aka : | ~~UNDER SEAL~~ |
| Wencho, aka "W" : | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Beginning on a date unknown to the Grand Jury, and continuing until on or about September 16, 2008, in the Northern District of Georgia and elsewhere, the defendant, WENCESLAO ALVAREZ ALVAREZ, aka Wencho, aka "W," did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally distribute cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, said conspiracy involving at least five (5) kilograms of a mixture containing a detectable amount of cocaine, and one-thousand (1000) kilograms of a mixture containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(ii) and (vii) and 846.

## COUNT TWO

Beginning on a date unknown to the Grand Jury, and continuing until on or about September 16, 2008, in the Northern District of Georgia and elsewhere, the defendant, WENCESLAO ALVAREZ ALVAREZ, aka Wencho, aka "W," did willfully, knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Sections 952(a) and 960(a)(1), that is to willfully, intentionally and unlawfully import into the United States from a place outside thereof, that is, Mexico, cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance; said conspiracy involving at least five (5) kilograms of a mixture containing a detectable amount of cocaine and one-thousand (1000) kilograms of a mixture containing a detectable amount of marijuana; all in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii) and (G).

## COUNT THREE

From a date unknown to the grand jury, and continuing until on or about September 16, 2008, within the Northern District of Georgia and elsewhere, the defendant, WENCESLAO ALVAREZ ALVAREZ, aka Wencho, aka "W," did knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United

States Code, Section 1956, to wit:

(a)  To conduct and attempt to conduct a financial transaction in and affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, that is, a violation of Title 21, United States Code, Section 841 and Section 846,

(1)  with the intent to promote the carrying on of said specified unlawful activity; and

(2)  knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity;

and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), and (a)(1)(B)(i), and

(b)  To transport, transmit and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States

(1)  with the intent to promote the carrying on of specified unlawful activity, that is, a violation of Title 21, Untied States Code, Section 841 and Section 846,

(2)  knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer

represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of proceeds of said specified unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (a)(2)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

On or about May 13, 2008, in the Northern District of Georgia, and elsewhere, the defendant, WENCESLAO ALVAREZ ALVAREZ, aka Wencho, aka "W," aided and abetted by others, did knowingly and intentionally possess with intent to distribute at least five (5) kilograms of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

1. Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Two and Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property

used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

2. Pursuant to Title 18, United States Code, Section 982(a)(1), if the defendant is convicted of the money laundering offense set forth in Count Three of this Indictment, he shall forfeit to the United States all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

3. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A _____ BILL
FOREPERSON

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

SANDRA E. STRIPPOLI
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6304
404 581-6171 fax
Georgia Bar No. 688565

DAVID SUCHAR
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6275
404 581-6171 fax
Georgia Bar No. 322514