FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 2 6 2019

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION
## CRIMINAL NO. 1:09-CR-535-ELR

The United States Attorney for the Northern District of Georgia ("the Government")

and Defendant Wenceslao Alvarez Alvarez, enter into this plea agreement as set forth

below in Part IV pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure. Wenceslao Alvarez Alvarez, Defendant, having received a copy of the

above-numbered Indictment and having been arraigned, hereby pleads GUILTY to

Counts 2 and 3.

## I.  ADMISSION OF GUILT

1.      The Defendant admits that he is pleading guilty because he is in fact guilty of

the crimes charged in Counts 2 and 3.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2.      The Defendant understands that by pleading guilty, he is giving up the right

to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would

have the right to an attorney, and if the Defendant could not afford an attorney, the

Court would appoint one to represent the Defendant at trial and at every stage of the

proceedings. During the trial, the Defendant would be presumed innocent and the

1

Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3.      The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4.      By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5.      The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6.     Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.   ACKNOWLEDGMENT OF PENALTIES

7.     The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 2** (plea is to lesser included offense – 21 U.S.C. § 960(b)(2)(B) and (G))

    a.  Maximum term of imprisonment: 40 years.

    b.  Mandatory minimum term of imprisonment: 5 years.

    c.  Term of supervised release: 4 year(s) to Life.

    d.  Maximum fine: $5,000,000.00, due and payable immediately.

    e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    f.  Mandatory special assessment: $100.00, due and payable immediately, unless the court determines that the Defendant is indigent.

    g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense.

**As to Count 3**

      a.  Maximum term of imprisonment: 20 years.

      b.  Mandatory minimum term of imprisonment: None.

      c.  Term of supervised release: 3 years.

      d.  Maximum fine: $500,000.00, or twice the value of the property involved in the transactions, whichever is greater, due and payable immediately.

      e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

      f.  Mandatory special assessment: $100.00, due and payable immediately, unless the court determines that the Defendant is indigent.

      g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense.

8.      The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his

4

exact sentence at this time. However, as this is a binding plea agreement, see
paragraphs 13 and 14.

9.      REMOVAL FROM THE UNITED STATES: The Defendant recognizes that
pleading guilty may have consequences with respect to his immigration status if he is
not a citizen of the United States. Under federal law, a broad range of crimes are
removable offenses, including the offense to which the Defendant is pleading guilty.
Indeed, because the Defendant is pleading guilty to this offense, removal is
presumptively mandatory following service of his sentence.   Removal and other
immigration consequences are the subject of a separate proceeding, however, and the
Defendant understands that no one, including his attorney or the district court, can
predict to a certainty the effect of his conviction on his immigration status.

The Defendant nevertheless affirms that he wants to plead guilty regardless of any
immigration consequences that his plea may entail, even if the consequence is his
automatic removal from the United States following service of his sentence.

## IV.   PLEA AGREEMENT

10.     The Defendant, his counsel, and the Government, subject to approval by the
Court, have agreed upon a negotiated plea in this case, the terms of which are as
follows:

## Dismissal of Counts

11.      The Government agrees that, upon the entry of the Judgment and

Commitment Order, any and all remaining counts in the above-styled case still

pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04

of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The

Defendant understands that the Probation Office and the Court may still consider the

conduct underlying such dismissed counts in determining relevant conduct under the

Sentencing Guidelines and a reasonable sentence under Title 18, United States Code,

Section 3553(a).

## No Additional Charges

12.      The United States Attorney for the Northern District of Georgia agrees not to

bring further criminal charges against the Defendant related to the charges to which

he is pleading guilty. The Defendant understands that this provision does not bar

prosecution by any other federal, state, or local jurisdiction.

## Sentencing  Recommendations

## Binding Plea Agreement – Specific Joint Sentence Recommendation

13.      Pursuant to Fed. R. Crim. P.11(c)(1)(C), and having already taken into

account all sentencing guidelines adjustments and calculations including acceptance

of responsibility under USSG § 3E1. 1, as well as having given the Defendant credit

for the time spent in custody in Mexico from on or about October 8, 2008 to December

21, 2017, including good time on the time spent in custody in Mexico, Defendant shall

be sentenced to a term of 110 months of imprisonment on Counts 2 and 3, to be

served concurrently. The agreed upon sentence of 110 months represents a sentence

of 240 months on both Counts 2 and 3, less credit for the time that Defendant has

already served in custody in Mexico, thereby leaving a sentence of 110 months to be

served as of the date Defendant entered the custody of the United States, and the

parties request imposition of a sentence of 110 months. Defendant understands that

he is also subject to a fine, and that there will be a period of supervised release to

follow his term of imprisonment, both of which will be determined by the Court, and

also understands that there is a mandatory $100 special assessment per Count.

14.     Both parties understand that the Court retains complete discretion to accept

or reject the agreed-upon sentence recommendation set forth in ¶ 13 of this

agreement. The parties further understand that if the Court does not accept the

recommended sentence, then, pursuant to Fed . R. Crim. P. 11(c)(5), the Court will

give the defendant and/or the government the opportunity to withdraw from the

guilty plea agreement.

15.     The parties jointly request that the Court state in the Judgment and

Commitment that in imposing a sentence of 110 months, the Court has already given

Defendant full credit including good time credit for the time spent in custody in

Mexico from on or about October 8, 2008 to on or about December 21, 2017.

Defendant understands and acknowledges that it would be a breach of this plea

agreement to seek additional credit for time spent in custody Mexico or good time on

it.

16.    Defendant, having conferred with counsel, knowingly and voluntarily

waives any statute of limitations defense to the lesser included offense under Count

Two to which he is entering a plea.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

17.    The parties reserve the right to inform the Court and the Probation Office of

all facts and circumstances regarding the Defendant and this case, and to respond to

any questions from the Court and the Probation Office and to any misstatements of

fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties

also reserve the right to make recommendations regarding application of the

Sentencing Guidelines. The parties understand, acknowledge, and agree that there

are no agreements between the parties with respect to any Sentencing Guidelines

issues other than those specifically listed.

### Agreement Regarding Not Applying to Transfer to Mexico under Treaty

18.    In consideration of the mutual promises made herein, the Defendant agrees

not to apply to transfer his sentence pursuant to the international prisoner transfer

8

program. Defendant understands that to do so would be a breach of this plea agreement, and that the government would no longer be bound by the agreement. Defendant also knows and understands that the government would oppose his transfer on any and all grounds of its choosing.

**Fine-- Recommendation As To Amount**

19.     The Government will take no position regarding the imposition of a fine.

**Forfeiture**

20.     The Defendant acknowledges that he personally received a total of $1,000,000.00 in proceeds from Counts Two and Three. Pursuant to 21 U.S.C. Section 853(e), the Defendant consents to immediate entry of an Order and Judgment of Forfeiture against that $1,000,000.00. Moreover, because the Defendant further acknowledges that his acts and omissions rendered the proceeds that he personally received from his offense of conviction unavailable for forfeiture within the meaning of 21 U.S.C. Section 853(p), he consents to the United States recovering up to $1,000,000.00 from substitute assets. The Defendant further acknowledges and agrees that he shall not receive any reduction of the $1,000,000.00 judgment for the value of any asset forfeited in any proceeding, either administrative or judicial, prior to the date of this agreement, including assets listed in paragraph 22 herein.

21.     The Defendant consents to the Court's order and judgment of forfeiture becoming immediately final as to him and understands that at the time of entry, such

9

order shall become part of his sentence and shall ultimately be incorporated into the

judgment against him. The Defendant further agrees that the Court shall be fully

empowered to correct any defect relating to the forfeiture to the fullest extent

permitted by law as a ministerial error pursuant to Federal Rule of Criminal

Procedure 36.

22.     The Defendant waives and abandons all right, title, and interest in all

property previously seized in the United States in connection with this case

(referenced collectively as the Subject Property), as described below:

     a. $1,412,437.00 in U.S. currency;
     b. The Maverick Arms 12 Gauge Shotgun bearing serial number MV28308A;
     c. The Taurus Model 82 .38 caliber revolver bearing serial number ZB372241;
     d. $3,000.00 U.S. Currency;
     e. The 1995 Lexus LS400 bearing vehicle identification number (VIN) JT8UF22E4S0023559;
     f. The 2003 Lincoln Navigator bearing VIN 5LMFU27RX3LJ30216;
     g. The 2001 Ford Excursion bearing VIN 1FMNU42F41EA71169;
     h. The 2005 Ford F-150 bearing VIN 1FTRX12W45FA98867;
     i. $4,766,300.00 U.S. currency;
     j. $1,194,017.00 U.S. currency;
     k. $7,650,160.00 U.S. currency;
     l. The 1997 Acura CL;
     m. The Ruger P85 Mark II 9mm Semi-Automatic Pistol ;
     n. The Ruger P89 Mark II Semi-Automatic Pistol;
     o. The Desert Baby Eagle Full Size Semi-Automatic .40 Caliber Pistol;
     p. The 1995 Nissan Maxima;
     q. $156,470.00 U.S. currency;
     r. $416,300.00 U.S. currency;
     s. $66,240 U.S. currency;

t. $9,280.00 U.S. currency;

u. $1,620.00 U.S. currency;

v. $29,092.00 U.S. currency;

w. The Taurus PT-140 Millennium .40 Caliber Handgun;

x. $18,020.00 U.S. currency;

y. The Hi-Point 9mm Pistol;

z. The Remington Model 710 Sportsman Rifle;

aa. The 2001 Nissan Frontier;

bb. The Lincoln Aviator;

cc. The 2007 BMW 750Li;

dd.     The 2007 Ford Ranger;

ee. The Taurus 9mm Pistol;

ff. The FEG 9mm Pistol;

gg. The Marlin 60 Rifle;

hh.     The Llama 22 Caliber Pistol;

ii. The Winchester Model 100 Rifle;

jj. The Winchester Model 94AE Rifle;

kk. The Ruger P-95;

ll. The DPMS Panther Arms A-15 Series .223 Caliber Rifle;

mm. The Beretta 92FS Brigadier 9mm Pistol;

nn.     The Royal Sovereign Electronic Money Counter;

oo. The 2002 BMW X5;

pp.     The 2003 Sea Doo Bombardier w/Inboard & Trailer;

qq. The Sea Doo Bombardier;

rr. The Sea Doo Trailer;

ss. The 1999 Cadillac Escalade;

tt. The 2006 Polaris Sportsman 800 ATV;

uu.     The 2004 Cadillac SRX;

vv. The 2007 Honda Element;

ww.    The 2005 Chevrolet Silverado 1500;

xx. The 2005 GMC Yukon;

yy. The 2004 Nissan Maxima;

zz. The 2001 Volkswagen New Beetle;

aaa.    The 2006 Ford F150;

bbb.    The 1998 Nissan Frontier XE;

ccc.    The Cool Sports All Terrain Vehicle;

ddd. $11,205.00 U.S. Currency;

eee.   $27,050.00 U.S. Currency;
fff. $13,488.00 U.S. Currency; and
ggg.   $11,465.00 in U.S. currency seized on May 15, 2008.

23.     The Defendant states that to the best of his knowledge no other person or

entity has any interest in the Subject Property and that he has not transferred,

conveyed, or encumbered his interest in the Subject Property. The Defendant agrees

fully cooperate in the forfeiture of the Subject Property, including but not limited to

taking all steps requested by the United States to facilitate transfer of title of the

Subject Property, including providing and endorsing title certificates, and causing

others to do the same where third parties hold nominal title on the Defendant's

behalf, to a person designated by the United States. The Defendant agrees to take all

steps necessary to ensure that none of the Subject Property is hidden, sold, wasted,

destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees not to

file any claim, answer, or petition for remission or restitution in any administrative or

judicial proceeding pertaining to the Subject Property, and if such a document has

already been filed, the Defendant hereby withdraws that filing.

24.     The Defendant agrees to hold the United States and its agents and employees

harmless from any claims made in connection with the seizure, forfeiture, or disposal

of property connected to this case. The Defendant acknowledges that the United

States has and will dispose of seized property, and that such disposal may include,

12

but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of the Subject Property, on any grounds.

## Financial Cooperation Provisions

### Special Assessment

25.     The Defendant agrees that he will pay a special assessment in the amount of $200 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, on the day of sentencing. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

### Fine/Restitution - Terms of Payment

26.     The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure

13

payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

27.     The Defendant agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $500.00 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

28.     The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution and/or fine; and the prompt payment of restitution or a fine.

29.     The Defendant's cooperation obligations include: (A) fully and truthfully

completing the Department of Justice's Financial Statement of Debtor form, and any

addenda to said form deemed necessary by the Government, within ten days of the

change of plea hearing; (B) submitting to a financial deposition or interview (should

the Government deem it necessary) prior to sentencing regarding the subject matter

of said form; (C) providing any documentation within his possession or control

requested by the Government regarding his financial condition and that of his

household; and (D) fully and truthfully answering all questions regarding his past

and present financial condition and that of his household in such interview(s); and

(E) providing a waiver of his privacy protections to permit the Government to access

his credit report and tax information held by the Internal Revenue Service.

30.     So long as the Defendant is completely truthful, the Government agrees that

anything related by the Defendant during his financial interview or deposition or in

the financial forms described above cannot and will not be used against him in the

Government's criminal prosecution. However, the Government may use the

Defendant's statements to identify and to execute upon assets to be applied to the fine

and/or restitution in this case. Further, the Government is completely free to pursue

any and all investigative leads derived in any way from the

interview(s)/deposition(s)/financial forms, which could result in the acquisition of

15

evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

### Limited Waiver of Appeal

31.      LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's

right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

### FOIA/Privacy Act Waiver

32.     The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

33.     There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this _2 6 th_ day of March, 2019.

_____
SIGNATURE (Attorney for
Defendant)
Andrew C. Hall

_____
SIGNATURE (Defendant)

Wenceslao Alvarez Alvarez

_____
SIGNATURE (Assistant United States Attorney)
Sandra E. Strippoli

17

_____
SIGNATURE (Approving Official)
Elizabeth Hathaway

I have read the Indictment against me and have discussed it with my

attorney. I understand the charges and the elements of each charge that the

Government would have to prove to convict me at a trial. I have read the

foregoing Plea Agreement and have carefully reviewed every part of it with my

attorney. I understand the terms and conditions contained in the Plea

Agreement, and I voluntarily agree to them. I also have discussed with my

attorney the rights I may have to appeal or challenge my conviction and

sentence, and I understand that the appeal waiver contained in the Plea

Agreement will prevent me, with the narrow exceptions stated, from appealing

my conviction and sentence or challenging my conviction and sentence in any

post-conviction proceeding. No one has threatened or forced me to plead guilty,

and no promises or inducements have been made to me other than those

discussed in the Plea Agreement. The discussions between my attorney and the

Government toward reaching a negotiated plea in this case took place with my

permission. I am fully satisfied with the representation provided to me by my

attorney in this case.

_____          _____
SIGNATURE (Defendant)                       DATE   3/24/2019
Wenceslao Alvarez Alvarez

18

I am Wenceslao Alvarez Alvarez's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____
SIGNATURE (Defense Attorney)
Andrew C. Hall

_____ 3/26/19 _____
DATE


Andrew C. Hall                                    Wenceslao Alvarez Alvarez
150 E. Ponce de Leon Ave., Suite                  c/o USMS
450
Decatur, GA  30030


318025 -State Bar of Georgia Number


Filed in Open Court

This 26th day of March 20 19

By _____

19

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:09-CR-535 |
| DEFENDANT'S NAME: | WENCESLAO ALVAREZ ALVAREZ |
| PAY THIS AMOUNT: | $200 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:

   Clerk of court, U.S. District Court

   **\*personal checks will not be accepted\***

2. Payment must reach the clerk's office within 30 days of the entry of your guilty plea

3. Payment should be sent or hand delivered to:

   Clerk, U.S. District Court

   2211 U.S. Courthouse

   75 Ted Turner Drive S.W.

   Atlanta, Georgia 30303

   (Do Not Send Cash)

4. Include defendant's name on **certified check** or **money order.**

5. Enclose this coupon to insure proper and prompt application of payment.

6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.